UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HARRY JACKSON                                                CIVIL ACTION

VERSUS

JANET NAPOLITANO                             NO.: 11-00022-BAJ-SCR

## RULING AND ORDER

Before the Court is a **Motion to Recuse (Doc. 29)**, filed by Plaintiff Harry Jackson ("Jackson"). Jackson seeks the undersigned's recusal from this matter, pursuant to 28 U.S.C. § 455. The motion is unopposed. Oral argument is not necessary. Jurisdiction is proper under 28 U.S. C. § 1331.

28 U.S.C. § 455(a) provides in pertinent part:

(a)     Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b)     He shall also disqualify himself in the following circumstances:

(1)     Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . .

28 U.S.C. § 455. The standard for determining impartiality depends on the source of the judge's alleged prejudice. To the extent that a judge has become biased due to facts that she has learned during a judicial proceeding, she must recuse himself only if fair judgment would be impossible. *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct.

1147, 1157, 127 L.Ed.2d 474 (1994). If the alleged partiality stems from a source other than a judicial proceeding, a judge must recuse herself if a reasonable person, knowing all of the facts, would harbor doubts concerning the judge's impartiality. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860-61, 108 S.Ct. 2194, 2203, 100 L.Ed.2d 855 (1988); *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir.1995).

"A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir.2003). Unless a judge's bias derives from an extrajudicial source or the record demonstrates "'deep-seated favoritism or antagonism [on the part of the judge] that would make fair judgment impossible,'" disqualification for bias is not appropriate. *United States v. Aldridge*, 561 F.3d 759, 764 (quoting *Liteky*, 510 U.S. at 555, 114 S.Ct. at 127). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

In support of his motion, Jackson cites to two rulings by the undersigned which he contends "destroyed the appearance of impartiality." (Doc. 29-1, p. 9.) According to Jackson, if the undersigned does not recuse, "the public's confidence in the judiciary will be irreparably harmed." (Doc. 29-1, p. 4.)

First, it is well established that trial court judges have broad discretion to manage the Court docket. *Topalian v. Ehrman*, 954 F.2d 1125, 1139 (5th Cir. 1992); *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 208 (5th Cir. 1992). Further, Jackson's motion and memorandum in support fail to establish any personal or extrajudicial bias on the

2

part of the undersigned, whereby a reasonable and objective person might question the undersigned's impartiality. Indeed, the identification of two unfavorable rulings does not amount to a valid basis for an order of recusal. In sum, the Court concludes that Jackson has not met his burden of proof.

Accordingly,

**IT IS ORDERED** that Plaintiff Harry Jackson's **Motion to Recuse (Doc. 29)** is **DENIED**.

Baton Rouge, Louisiana, this 10th day of September, 2013.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**